# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ADAM CLARK,<br><br>        Plaintiff,<br>v.<br><br>DEPARTMENT OF CORRECTIONS, JAMES J. EDWARDS, THOMAS MORRIS, and MONTREAL ALEXANDER,<br><br>        Defendants. | Case No. 25-CV-430-JPS<br><br>**ORDER** |

  Plaintiff Adam Clark, an inmate confined at the Milwaukee Secure Detention Facility ("MSDF"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. On June 12, 2025, the Court screened the complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 10. On July 7, 2025, Plaintiff filed an amended complaint. ECF No. 11. This Order screens Plaintiff's amended complaint.

1.  FEDERAL SCREENING STANDARD

  Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS

Plaintiff brings this case against the Wisconsin Department of Corrections ("DOC"), James J. Edwards ("Edwards"), Thomas Morris ("Morris"), and Montreal Alexander ("Alexander"). ECF No. 11 at 1. On or about December 23, 2024, Morris escorted Plaintiff to the restrictive housing unit ("RHU") on the fifth floor. *Id.* at 3. Edwards strip searched Plaintiff and

dressed him in RHU. *Id.* Plaintiff saw Morris, Alexander, and Edwards talking with each other and an unknown officer with plumbing equipment. *Id.* Plaintiff waited in a holding cell for approximately two hours. *Id.* at 4. Plaintiff told Morris that he needed to use the bathroom and asked when he would be placed in a cell. *Id.* Approximately thirty minutes passed and Edwards returned to take Plaintiff to a cell. *Id.*

Edwards placed Plaintiff in an observation cell. *Id.* The observation cell was unclean and unsanitary; the toilet was broken and there were feces and urine on the toilet, floor, and wall. *Id.* Plaintiff told Edwards about the condition of the cell, but Edwards replied that there was nothing he could do about it. *Id.* Plaintiff alleges the condition of the cell was disturbing and inhumane. *Id.* at 5.

Plaintiff requested cleaning supplies, a different cell, a way to cover the toilet, a working toilet, and a complaint form. *Id.* at 6. Alexander noticed Edwards not completing his rounds and talking to Plaintiff. *Id.* at 9. Alexander then got on the intercom and told Plaintiff to let his officer finish his rounds. *Id.* Alexander said, "Go to sleep you don't need nothing your[sic] in seg now!" *Id.* Plaintiff told Alexander that the toilet was broken and needed to be cleaned. *Id.* Alexander responded simply by asking if the toilet had worked where he came from. *Id.*

Plaintiff was later able to get Morris's attention and Plaintiff told him about the condition of his cell and Alexander's disrespect. *Id.* at 7. Morris responded that he had not known about the condition of the cell and that Plaintiff would be moved. *Id.* Plaintiff filled out a complaint form at approximately 2:08 a.m.; however, he remained in his cell without any help for several hours until 5:30 a.m. *Id.* at 8. Plaintiff was in the feces-covered observation cell for approximately six hours. *Id.* Plaintiff suffered a severe

headache, dizziness, and pain from not being able to use the bathroom, as well as severe mental and emotional distress. *Id.* at 7.

3. **ANALYSIS**

The Court finds that Plaintiff may proceed on an Eighth Amendment conditions of confinement claim against Edwards, Morris, and Alexander. A prisoner's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013).

In conditions of confinement cases challenging the cleanliness of the cell, "[o]ften the decision turns on the extent of the conditions and whether the incarcerated person was provided a way to clean himself or the cell.

*Behnken v. Green Bay Corr. Inst.*, No. 24-CV-54-PP, 2024 WL 1285300, at *2 (E.D. Wis. Mar. 26, 2024); *see also Budd*, 711 F.3d at 843 (citing cases). Courts also consider "the length of time the plaintiff was exposed, the issue of whether the plaintiff himself caused the condition, the plaintiff's ability to address the condition himself, and other factors." *See Oswald v. Manlove*, Case No. 16-CV-991, 2019 WL 464135, at *11–12 (E.D. Wis. Feb. 6, 2019) (discussing cases). In *Lindell v. Pollard*, 558 F. Supp. 3d 734 (E.D. Wis. Sept. 3, 2021), the plaintiff was exposed to filthy conditions for one day and the court found that "[t]he plaintiff's minimal exposure to human feces, while undoubtedly unpleasant, did not pose a threat to his health or safety and was not so serious as to deprive him of basic human dignity." *Id.* at 751.

Here, the Court finds that Plaintiff's amended allegations state an Eighth Amendment conditions of confinement claim. Plaintiff alleges that the feces and urine in his cell was disturbing and inhumane. Plaintiff suffered these conditions for approximately six hours and Defendants were aware of the condition of his cell. Plaintiff also has a severe skin condition which made the conditions even more dangerous for him. Further, Plaintiff suffered dizziness, a severe headache, and severe pain from not being able to use the toilet. At the early pleading stage, the Court finds that Plaintiff may proceed on an Eighth Amendment conditions of confinement claim against Edwards, Morris, and Alexander.

The Court will not, however, allow Plaintiff to proceed against the DOC. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." *Andreola v. Wisconsin*,

171 F. App'x 514, 515 (7th Cir. 2006). As such, the Court will dismiss DOC from this action for the failure to state a claim against it.

**4.    CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment conditions of confinement claim against Defendants Edwards, Morris, and Alexander.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Defendant DOC be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Edwards, Morris, and Alexander**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the amended complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service; and

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed.

Page 6 of 8
Case 2:25-cv-00430-JPS    Filed 09/08/25    Page 6 of 8    Document 13

Defendants should take care to explain the reasons why they intend to move to dismiss the amended complaint, and Plaintiff should strongly consider filing a second amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 8th day of September, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.